# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>                Plaintiff,<br><br>        v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION,<br><br>                Defendant. | 1:08cv1631 OWW DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |

Plaintiff Kirell Taylor ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action on October 27, 2008. He names Twentieth Century Fox Film Corporation as the Defendant and alleges causes of action for libel and defamation.[1]

A.    Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

---

[1] Plaintiff filed a similar amended complaint in 06-782 LJO OWW. The amended complaint was dismissed without leave to amend on March 26, 2008, for lack of jurisdiction.

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Analysis

Plaintiff has filed almost the exact same complaint as he did in his prior action. He alleges that Defendant committed libel and slander against him during a March 2004 broadcast of America's Most Wanted. He alleges that based on the comments made during the broadcast, he suffered serious injuries during a subsequent inmate attack. Plaintiff seeks $360,000,000 in damages.

Plaintiff's complaint does not set forth this Court's basis for jurisdiction pursuant to Rule 8. However, because Plaintiff's allegations are based solely on state law, he could only initiate this action based on diversity jurisdiction.

28 U.S.C. Section 1332 provides for federal jurisdiction based on diversity of citizenship:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Diversity jurisdiction therefore requires that all parties to the action be "citizens" of different states. Plaintiff is a citizen of California. In his prior action, Plaintiff alleged, and the Court agreed, that Defendant was a citizen of California. The Court takes judicial notice of this opinion. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir.2002) (judicial opinions are generally subject to judicial notice). Accordingly, both Plaintiff and Defendant are citizens of California and diversity jurisdiction does not exist.

There is no other basis for this Court's jurisdiction. Plaintiff's claims for libel and defamation are state law claims and should be filed in state court. The Court therefore recommends that this action be DISMISSED WITHOUT LEAVE TO AMEND as it appears that Plaintiff cannot cure the jurisdictional issue.

**RECOMMENDATION**

Accordingly, for the reasons discussed above, the Court HEREBY RECOMMENDS that this action be dismissed WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to the Honorable Oliver W. Wanger, United State District Court judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff

3

may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:**     **November 5, 2008**                     **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE